UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

---

In re:                                              Case Number: 12-16616-11

    PAULA DEAN LADDUSIRE,

                Debtor.

-----------------------------------------------------------------

    OCWEN LOAN SERVICING, LLC, and
    BANK OF AMERICA, N.A.,

                Plaintiffs,

    v.                                              Adversary Number: 13-42

    AIG FEDERAL SAVINGS BANK,
    PNC BANK, N.A., HSBC BANK USA, N.A.,
    and PAULA DEAN LADDUSIRE,

                Defendants.

---

## MEMORANDUM DECISION ON BANK OF AMERICA, N.A.'s MOTION TO REMAND, ABSTAIN, OR DISMISS

This proceeding was removed from the Oneida County Circuit Court by the Debtor, Paula D. Laddusire. It is now before the Court on the motion of the Plaintiff, Bank of America, N.A. ("BANA"), for abstention, remand, or dismissal. On March 28, 2013, the Court held a telephone conference on the motion. Following oral argument on the record, the parties agreed that no additional written argument was necessary.

For the reasons set forth below, the Court grants the motion in part, denies the motion is part, and remands the proceeding to the Oneida County

Circuit Court. The motion is denied with respect to BANA's request that this Court dismiss the adversary proceeding and to BANA's request for sanctions against the Debtor.

## BACKGROUND

On January 7, 2009, Ocwen Home Loan Servicing, LLC ("Ocwen") filed a Complaint against the Debtor, Paula Dean Laddusire, and her then-husband, Todd, in Oneida County Circuit Court. The Complaint asserts that Ocwen is the servicer of the mortgage on the Debtor's residence, and that HSBC Bank USA, N.A. ("HSBC") is the owner of the mortgage. Ocwen alleged that the Laddusires had defaulted on the note and mortgage and that it was entitled to a foreclosure judgment.

A year later, on January 8, 2010, BANA also filed a Complaint in Oneida County Circuit Court against the Debtor, a John Doe defendant, AIG Federal Savings Bank, PNC Bank, N.A., and HSBC. Like Ocwen's, BANA's Complaint sought a foreclosure judgment against the Debtor's residence, and alleged that BANA was the current holder of the note and mortgage.[1]

On July 19, 2010, the Oneida County Circuit Court entered an Order to Consolidate the two actions ("Foreclosure Action"). A stipulation was entered on February 23, 2011, in which Ocwen acknowledged that its interests are junior and subordinate to BANA, and agreed to withdraw its claims against all parties

---

[1] Paula and Todd Laddusire filed separate answers in the Foreclosure Action, and the claims related to Mr. Laddusire appear to have been resolved.

in the action. On February 6, 2012, BANA filed a Motion for Summary and Default Judgment. On May 21, 2012, the state court ordered BANA and the Debtor to begin mediation, and stayed the summary judgment proceedings until mediation was completed. Mediation was then adjourned pending the completion of a document exchange hearing scheduled for December 7, 2012.

The Debtor filed a Chapter 13 petition on December 7, 2012, the same day the parties were to meet and exchange documents in Oneida County Circuit Court. She filed a Chapter 13 plan on January 7, 2013, and then filed a motion to convert to a Chapter 11 case on February 13, 2013. Her motion to convert was granted on March 11, 2013. Her Notice of Removal was filed on March 5, 2013, and an essentially identical Amended Notice of Removal Under Bankruptcy Rule 9027 was filed the same day ("Amended Notice"). The Amended Notice invokes 28 U.S.C. §§ 157, 1334(b), 1334(e)(1), and 1452, as well as 11 U.S.C. § 105 and Bankruptcy Rule 9027 as the basis for removal. She asserts it is necessary to remove the Foreclosure Action because it "involves property of the [Debtor's] bankruptcy estate" in the form of "the nonexempt portion of Debtor's homestead" and nonexempt money damages arising from a variety of claims related to the origination and collection of her mortgage. She says the matter is a core proceeding because it involves recovery of money for the bankruptcy estate. On March 20, 2013, BANA filed a motion to remand, abstain, or dismiss ("Motion").

3

## ANALYSIS

Once a proceeding is removed pursuant to 28 U.S.C. § 1452(a), it may be remanded to the state court on any equitable ground. 28 U.S.C. § 1452(b) and Fed. R. Bankr. P. 9027(d). To determine whether the matter should be remanded, the court must first decide whether it has jurisdiction and, if it does, whether to exercise it.

Section 1452(a) of Title 28 permits a party to remove a "claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." A district court has jurisdiction under section 1334(b) "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." It may, however, refer such cases to the bankruptcy judges for its district. 28 U.S.C. § 157(a). The District Court for the Western District of Wisconsin has made such a reference. *Western District of Wisconsin Administrative Order 161* (July 12, 1984).

BANA asserts that the Debtor's attempt to remove the Foreclosure Action is untimely under 28 U.S.C. § 1446(b)(2)(B). That provision requires that a notice of removal be filed within thirty days after the initial pleadings have been served. BANA notes that the Debtor was served with BANA's original complaint on January 26, 2010, and with the amended complaint on August 24, 2010. As such, BANA argues, the notice of removal was not filed timely. But the Foreclosure Action was not removed pursuant to section 1446(b)(2)(B). Instead,

the Amended Notice indicates that the matter was removed under 28 U.S.C.

§ 1452, which governs removals related to bankruptcy cases. As such, BANA's

argument misses the mark.

Bankruptcy Rule 9027 applies to civil actions removed from state court

under 28 U.S.C. § 1452:

> If the claim or cause of action in a civil action is pending when a
> case under the Code is commenced, a notice of removal may be
> filed only within the longest of (A) 90 days after the order for relief
> in the case under the Code, (B) 30 days after entry of an order
> terminating a stay, if the claim or cause of action in a civil action
> has been stayed under § 362 of the Code, or ( C) 30 days after a
> trustee qualifies in a chapter 11 reorganization case but not later
> than 180 days after the order for relief.

Under 11 U.S.C. § 301(b), the filing of a voluntary case under Chapter 13

constitutes an order for relief. Therefore, pursuant to Bankruptcy Rule

9027(a)(2)(A) the Debtor had until March 7, 2013, ninety days from the date

she filed her petition, to file a Notice of Removal. By filing the Notice of Removal

and the Amended Notice on March 5, 2013, the Debtor met this deadline.

### Abstention

There are circumstances in which a federal court must abstain from

hearing a case. 28 U.S.C. § 1334(c)(2). That provision has been distilled by

courts into discrete elements: 1) the motion for abstention must be timely; 2)

the removed proceeding must be based upon a state-law claim or state-law

cause of action; 3) the proceeding must be a non-core but "related to"

proceeding; 4) the action could not have been commenced in federal court

absent jurisdiction under 28 U.S.C. § 1334; and 5) an action has been

5

commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. *See, e.g., Stoe v. Flaherty,* 436 F.3d 209, 213 (3d Cir. 2006); *Taub v. Taub (In re Taub),* 413 B.R. 69, 75 (Bankr. E.D.N.Y. 2009); *Eaton v. Taskin, Inc.,* No. 07-3056, 2007 WL 2700554, at *3 (C.D. Ill. July 20, 2007) (citing *Christo v. Padgett,* 223 F.3d 1324, 1331 (11th Cir. 2000)).

If each of these elements is satisfied, the court is required to abstain. The Debtor's position is that abstention is not mandatory. While she seems to concede that the first two elements are satisfied, she argues that the last three are not.

### Is the proceeding a non-core but "related to" proceeding?

The Debtor argues that the Foreclosure Action is a core proceeding because she *intends to bring* counterclaims against BANA to determine the priority of its lien, to avoid its lien, for an accounting of payments, and other counterclaims that she says will adjust the debtor-creditor relationship. *See Debtor's Opposition Brief* at ¶¶ 9, 14. She has not yet pleaded them, she explains, because BANA's alleged fraud on the state court and the parties has prevented her from doing so. *See id.* Whether or not this allegation is true, the fact remains that the counterclaims have not actually been pleaded. Unpleaded counterclaims are simply not core proceedings; indeed, they are not proceedings of any kind. Moreover, the claims that have, in fact, been pleaded reveal that the Foreclosure Action is clearly not a core proceeding.

The Court of Appeals for the Seventh Circuit has explained that "[c]ore proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law." *In re United States Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997). In other words, "[a] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Barnett v. Stern,* 909 F.2d 973, 981 (7th Cir. 1990) (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)).

By comparison, a proceeding is non-core if it "does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy." *Id.* Such a proceeding "may be related to the bankruptcy because of its potential effect, but . . . it is . . . [a] non-core proceeding." *Id.* Bankruptcy courts may determine whether a proceeding is core or non-core. 28 U.S.C. § 157(b)(3).

The Foreclosure Action did not arise under title 11, or in a case under title 11. It commenced as a state-law claim years before the bankruptcy petition was ever filed. Further, the only connection between the Foreclosure Action and the bankruptcy proceeding is the fact the Debtor filed bankruptcy. *See, e.g., Schmid v. Bank of America, N.A., et al. (In re Schmid)*, No. 10-12142-13, Adv. No. 12-160, 2013 WL 1755550, at *4–5 (Bankr. W.D. Wis. Apr. 24,

2013) (allegations concerning fraud and other defects in state court action not

core proceedings); *Rinaldi v. HSBC Bank USA, N.A. (In re Rinaldi)*, 487 B.R. 516,

524 (Bankr. E.D. Wis. 2013) ("The only relationship the allegedly fraudulent

assignment bears to the Debtors' bankruptcy case is that the Debtors have

filed bankruptcy, and presumably, any money damages awarded would

increase the funds in the Debtors' estate."). As such, this Court concludes that

the Foreclosure Action is a non-core proceeding. The Court declines the

Debtor's invitation to speculate whether her unpleaded counterclaims might be

core proceedings for the simple reason that they are not before the Court.

### Can the matter be timely adjudicated in state court?

The Debtor also argues that the Foreclosure Action cannot be timely

adjudicated in state court. Here she reiterates that her counterclaims have not

been pleaded, and that "all that is pending is a stale summary judgment

motion." *Debtor's Opposition Brief* at ¶14. In other words, she appears to argue

that because she has not actually brought any of her asserted counterclaims,

they cannot be timely adjudicated in the state court. Her brief is full of odd[2]

iterations of the argument that this Court, and not the state court, is the

appropriate venue for determination of these unasserted claims. But whether

any substantive defenses or counterclaims actually exist remains purely a

---

[2] The Debtor goes as far as to compare BANA to "an even more deluded version of Lady MacBeth, who could not remove King Duncan's blood from her hands in her fevered imagining." *Debtor's Opposition Brief* at ¶15.

matter of the Debtor's speculation—her brief in opposition to BANA's Motion is the first time these allegations appear.

Over the course of four and a half years, she has had abundant time to plead whatever counterclaims and defenses she believed were available to her. She failed to do so. Then the Debtor's bankruptcy petition stayed the Foreclosure Action at a crucial juncture. It was her prerogative to file bankruptcy. But it is at best disingenuous now to suggest that the state court cannot timely adjudicate the Foreclosure Action when she has not bothered to plead the very counterclaims or defenses she claims that court cannot timely decide.

<u>Is there a basis for federal jurisdiction besides 28 U.S.C. § 1334?</u>

The Debtor asserts that there is an independent basis for federal jurisdiction under 28 U.S.C. § 1349.[3] She is incorrect. Section 1349 establishes a limit on federal jurisdiction, not an independent basis for it. *See, e.g., Murphy v. Colonial Fed. Sav. & Loan Ass'n*, 388 F.2d 609, 612 (2d Cir. 1967) ("The purpose [of the statute] was to stem 'the flood of litigation to which the federal courts were subjected as a result of the decision in Pacific Railroad Removal Cases, that every action by or against a federal corporation presented a federal

---

[3] **Section 1349. Corporation organized under federal law as party**

The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock.

question") (citing Hart & Wechsler, *The Federal Courts and the Federal System*,

pp. 730, 752 (1953)) (citations omitted).

The Debtor also contends incorrectly that 28 U.S.C. § 2410(a)[4] provides

an independent basis for federal jurisdiction. Section 2410 gives a private

lienholder the right to name the United States as a party in an action to

foreclose a mortgage on which the United States claims any kind of lien.

*See United States v. Brosnan*, 363 U.S. 237, 245-46, 80 S. Ct. 1108, 1113,

4 L. Ed. 2d 1192 (1960). It clearly does not apply here. No one with a lien has

attempted to name the United States as a party in the Foreclosure Action.

There is also no evidence that the United States claims any kind of lien against

the Debtor's property.[5] Even if the statute did apply, there is no indication that

---

[4] **Section 2410. Actions affecting property on which United States has lien**

(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—

    (1) to quiet title to,
    (2) to foreclose a mortgage or other lien upon,
    (3) to partition,
    (4) to condemn, or
    (5) of interpleader or in the nature of interpleader with respect to,

real or personal property on which the United States has or claims a mortgage or other lien.

[5] The Debtor did attach pages from an apparent internet search to her brief. Debtor argues these pages indicate that Freddie Mac may now be the owner of Debtor's note and mortgage. That an agency of the United States may have some interest does not control. There are no recorded assignments or similar documents on file in evidentiary form, nor is there any indication that BANA is not the entity with apparent authority to enforce the note and mortgage.

section 2410 provides a basis for jurisdiction. It merely permits the United States to be named as a party—in state court or in federal court. *Id.*

The Debtor also insists that this Court has "original jurisdiction" to protect Freddie Mac from BANA. Freddie Mac has been swindled by BANA, she says, and this Court must stop it. In essence, her theory is that certain unpleaded claims held by an entity that is not a party to the Foreclosure Action or the bankruptcy proceeding somehow invokes this Court's jurisdiction. That is plainly incorrect. This Court's jurisdiction exists by reference from the district court, which has original jurisdiction of civil actions that arise under title 11, or arise in or are related to cases under title 11. 28 U.S.C. § 1334(b). Unpleaded claims that a non-party may or may not have against a creditor of a debtor in bankruptcy do not fit this description. Simply put, the claims that preoccupy the Debtor are not actions at all. They are not within the cognizance of this Court because no one has actually brought them. Further, if there are claims against BANA that belong to a non-party, it is up to that party to assert them. Freddie Mac is certainly capable of pursuing any claims it may hold against BANA if it elects to do so. Likely enough, though, any possible dispute would revolve around non-bankruptcy issues between non-debtors that would not properly be brought in bankruptcy court. At any rate, as with the Debtor's own unpleaded counterclaims, this Court declines to speculate as to the merits of unasserted causes of action related to Freddie Mac.

In fact, the Debtor's twenty-page brief fails to address the one requirement for mandatory abstention about which there may be a legitimate question. Namely, that there could be an independent basis for federal jurisdiction under 28 U.S.C. § 1332(a)(1). The state court record indicates that upon the dismissal of Todd Laddusire as a defendant, both actions against the Debtor appeared to satisfy the requirements of diversity of citizenship and an amount in controversy in excess of $75,000. If there was diversity jurisdiction under 28 U.S.C. § 1332(a)(1), then abstention would not be mandatory under section 1334(c)(2) because there would be a basis for jurisdiction other than section 1334.

There are reasons to believe that 28 U.S.C. § 1332 does not provide an independent basis for federal jurisdiction. Ordinarily, proceedings may not be removed on the basis of diversity more than one year after the commencement of the action unless the district court finds that the plaintiff acted in bad faith to prevent removal. 28 U.S.C. § 1446(c)(1). However, Bankruptcy Rule 9027(a)(2) revives the deadline for removal of pending civil actions that are connected to a bankruptcy case. The Debtor does not allege that BANA acted in bad faith to prevent removal, and nearly four and a half years have passed since the Foreclosure Action commenced. As a result, 28 U.S.C. § 1446(c)(1) may not apply, so the Debtor's only foothold could be section 1334 and Bankruptcy Rule 9027(a)(2). If this is the case, then this Court would be

required to abstain pursuant to 28 U.S.C. § 1334(c)(2) if the other requirements of that subsection are met.

However, resolution of this issue is beyond the scope of this decision. In the interest of judicial economy and efficiency, it is not necessary for this Court to rule on the question of diversity jurisdiction or the applicability of 28 U.S.C. § 1334(c)(2) in light of its determination under section 1334(c)(1). Pursuant to that provision, the court may choose to abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law . . . from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." As discussed below, this Court finds that it is appropriate to abstain under section 1334(c)(1).

To determine whether to choose to abstain pursuant to section 1334(c)(1), courts have considered a range of factors, including:

1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;

2) the extent to which state law issues predominate over bankruptcy issues;

3) the difficulty or unsettled nature of applicable law;

4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;

5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7) the substance rather than the form of an asserted "core" proceeding;

13

8)     the feasibility of severing state law claims from core bankruptcy
       matters to allow judgments to be entered in state court with
       enforcement left to the bankruptcy court;

9)     the burden of [the bankruptcy court's] docket;

10)    the likelihood that the commencement of the proceeding in
       bankruptcy court involves forum shopping by one of the parties;

11)    the existence of a right to a jury trial;

12)    the presence in the proceeding of nondebtor parties.

See In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co., 6 F.3d 1184, 1189 (7th

Cir. 1993) (citing In re Eastport Assoc., 935 F.2d 1071, 1075–76 (9th Cir.

1991)). These considerations should be applied flexibly to the particular facts of

each case. Id. at 1189 (citing Thompson v. Magnolia Petroleum Co., 309 U.S.

478, 483, 60 S. Ct. 628, 630, 84 L. Ed. 876 (1940)). While no one factor is

determinative, "because section 1334(c)(1) is concerned with comity and

respect for state law, whether a case involves unsettled issues of state law is

always significant." Id. Moreover, when cases are removed from state court to

federal court on the basis of being "related to" a bankruptcy proceeding, it is

generally appropriate that "questions of [state] law . . . be decided by the state

courts . . . rather than [a federal court]." In re United States Brass Corp., 110

F.3d at 1265. With these considerations in mind, the facts weigh heavily in

favor of permissive abstention and remand.

First, there will be little effect on the efficient administration of the

bankruptcy estate if the Foreclosure Action is remanded. In fact, the impact on

the estate could be much worse if the matter is *not* remanded. Administration

could be delayed considerably if the parties are forced to re-litigate issues

before the bankruptcy court that have already progressed in the state court.

BANA's motion for summary judgment is currently pending, but has been

stayed by the Debtor's bankruptcy filing. It makes little sense to interrupt

proceedings that have been under way for almost four and a half years when

they are on the verge of at least partial resolution. Moreover, the Foreclosure

Action is decidedly non-core. As a result, absent consent of the parties, this

Court would be statutorily prevented from entering a final judgment on the

matter—a fact that would further delay the litigation and aggravate the

potential prejudice to the parties.

Next, the fact that the Foreclosure Action is purely a matter of state law

weighs heavily in favor of abstention. Literally every aspect of the Debtor's case

entails state-law issues *except* for the fact that she filed bankruptcy and sought

to remove the Foreclosure Action to this Court. To wit: BANA's Complaint and

Amended Complaint in the Foreclosure Action invoked Wis. Stat. § 846.101 as

the basis for the foreclosure; in her Answer, the Debtor conceded that Wis.

Stat. § 846.101 applied; the affirmative defense asserted in her Answer merely

sought an accounting of payments from BANA, and invoked no question of

federal law; and, finally, no cognizable claim or defense under federal law was

asserted by either party in summary judgment briefs and affidavits. In fact, the

very first time the Debtor asserted any issue of federal law was in her brief in

opposition to BANA's Motion—and even then, her assertions were solely flawed arguments concerning the statutory bases for federal jurisdiction. Surely, if a substantive federal magic bullet existed in the Foreclosure Action, the Debtor would have fired it by now.

The illusory counterclaims and defenses brandished in Debtor's brief do not change this analysis. Questions of the validity of mortgages, of mortgage fraud, of the amounts owed on promissory notes, of defects in the negotiation of mortgage instruments, and of candor in the state court are all state-law issues. While these claims are not necessarily beyond the purview of this Court, principles of comity strongly suggest that, even if they had been pleaded, her claims do not belong here. *See, e.g., Hutchins v. JPMorgan Chase Bank (In re Hutchins)*, No. 12-24579, Adv. No. 1564, 2012 WL 5247730, at *4 (Bankr. D. Colo. Oct. 24, 2012). Even if, in the dark recesses of the record, there were some speck of a federal claim, at best it would merely be related to the bankruptcy proceeding, as her state-law claims are—and only tenuously at that. "The bankruptcy jurisdiction hauls into federal court a host of state-law claims, and whatever the precise relief sought the court ought to have the power to return such a case to the state courts. That is the only sensible meaning [of section 1334(c)(1)], and happily it coincides with the literal meaning." *In re United States Brass Corp.*, 110 F.3d at 1267. In this case, all roads lead to the Oneida County Circuit Court. Either BANA is entitled to foreclose under state law, or it is not. In any event, it is a matter best resolved

16

in state court. *See, e.g., Brown v. JP Morgan Chase Bank (In re Brown)*, No. 12-01140, Adv. No. 12-174, 2013 WL 85131, at *2 (Bankr. M.D. Fla. Jan. 8, 2013); *Hutchins v. JPMorgan Chase Bank (In re Hutchins)*, 2012 WL 5247730, at *4; *In re 19 Court St. Assocs., LLC v. Resolution Trust Corp. (In re 19 Court St. Assocs., LLC)*, 190 B.R. 983, 1001 (Bankr. S.D.N.Y. 1996).

Finally, given the timing of the Debtor's bankruptcy petition and her Amended Notice, it appears that the removal is motivated at least in part by a desire to draw out the proceedings. As noted, Ocwen's initial complaint in this matter was filed nearly four and a half years ago. The bankruptcy petition was filed the day she was to appear in the state court for a document exchange related to summary judgment proceedings, and the Amended Notice was filed only a few days before the end of the timeliness window under Bankruptcy Rule 9027. Whether intentional or not, the resultant delays do carry a real risk of prejudice to the other parties in the action. By further forestalling a determination of BANA's claims in state court, the administration of the estate is delayed. The timing of both the bankruptcy petition and the removal appear to have been motivated less by a legitimate concern that the bankruptcy court was an appropriate forum for the litigation and more as a gambit for additional time.

## **Remand**

Having determined that abstention under 28 U.S.C. § 1334(c)(1) is appropriate, the next step is determining whether to remand. Once removed, a

17

claim or cause of action can be remanded on "any equitable ground." 28 U.S.C.

§ 1452(b). "Equitable" in this context has been interpreted to mean "that which

is reasonable, fair, or appropriate." *Things Remembered, Inc. v. Petrarca*, 516

U.S. 124, 128-29, 116 S. Ct. 494, 133 L. Ed. 2d 461 (1995).

When the basis for removal is, as here, simply based on a debtor's

bankruptcy filing, there is a liberal approach to bankruptcy remands. *Cargill,*

*Inc. v. Man Fin., Inc. (In re Refco, Inc.)*, 354 B.R. 515, 520 (B.A.P. 8th Cir. 2006).

Abstention without remand would leave the parties in an awkward position. It

would leave the suit homeless. Based on considerations of judicial economy,

comity, respect for the decision-making capabilities of the state court, and the

predominance of state-law issues, this Court concludes that abstention is

appropriate under 28 U.S.C. § 1334(c)(1) and remands the case to the Oneida

County Circuit Court under 28 U.S.C. § 1452(b).

### Dismissal and Sanctions

Based on the foregoing, it is unnecessary for the Court to rule on BANA's

request that the Foreclosure Action be dismissed.

It is worth noting, however, that BANA's request appears improvident at

best. The Court gathers that BANA is under the impression that a dismissal

could nip the Debtor's unpleaded counterclaims in the bud while permitting

BANA's own claims to proceed. Whatever the precise theory behind it, the

request for dismissal is misguided. Dismissal would leave the parties at square

18

one. Obviously this would not facilitate the timely determination of the state law questions that motivates this Court's decision to abstain and remand.

Likewise, the Court denies BANA's request for sanctions against the Debtor. Although BANA does not elaborate on the basis for which it seeks sanctions, this Court will assume its motion is made under Bankruptcy Rule 9011. That Rule permits the imposition of sanctions if an attorney proceeds in a bankruptcy case for an improper purpose, such as causing unnecessary delay or needlessly increasing the cost of litigation; for making arguments that are frivolous or not based in existing law; and for making allegations that lack evidentiary support. Bankruptcy Rule 9011(b). However, the Rule also requires that motions for sanctions be made separately from other motions and describe the specific conduct complained of. It must also be served in accordance with Bankruptcy Rule 7004. Since these steps have not been taken, this Court will not entertain BANA's speculative request for sanctions any more than it will entertain the Debtor's speculative counterclaims.

As such, BANA's Motion is denied with respect to its request for dismissal and for sanctions.

## CONCLUSION

Based on the foregoing findings of fact and conclusions of law, BANA's Motion is granted in part and denied in part.

19

A separate order consistent with this opinion will be entered.

Dated: June 20, 2013

BY THE COURT:

Hon. Catherine J. Furay,
U.S. Bankruptcy Judge